Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN SURACI, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **Case No.:**<br>) |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., | ) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>) |
| Defendant. | ) **(Unlawful Debt Collection Practices)**<br>) |

## **COMPLAINT**

KATHRYN SURACI ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code § 1788.17.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States and 28 U.S.C. § 1367 grants supplemental jurisdiction over all state claims.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Sacramento, California

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 1967 Lakeside Parkway, Suite 402, Tucker, Georgia 30084.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer

debt from Plaintiff, related to a Student Loan from Sallie Mae.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff has no business debt, the debt could only be personal in nature.

13. Beginning in or around March of 2012, and continuing through April 2012, Defendant, through its agents and representatives, engaged in debt collection activities seeking payment from Plaintiff for the alleged Sallie Mae debt.

14. Defendant's collectors repeatedly made harassing telephone calls to Plaintiff's cellular telephone number seeking to collect the alleged debt.

15. Defendant's harassing debt collection calls originated from numbers including, but not limited to 770-438-5588 and 636-925-5300. The undersigned has confirmed that this number belongs to the Defendant.

16. On numerous occasions, Defendant called Plaintiff at least two times per day.

17. On some days, Defendant called Plaintiff at least four times.

18. Defendant's collectors also harassed Plaintiff by immediately calling her back if she hung up the telephone.

19. During many of these calls, Defendant's collectors used language intended to scare and upset Plaintiff.

20. For example, during a telephone call on March 19, 2012, Defendant's representative "this is very important that you take care of this because we are going to take action".

21. Further, in March of 2012, Defendant's collector threatened to "take whatever action necessary" if Plaintiff did not pay the debt, including garnishing her wages, taking away

her social security, and filing suit against her.

22. Defendant's collector's also threatened to "get a lien" against her property.

23. To date, Defendant has not filed suit against Plaintiff, nor has it garnished her wages, or placed on lien against her property.

24. Upon information and belief, Defendant never had intention of acting on any of the aforementioned threats.

25. Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF FAIR DEBT**
**COLLECTION PRACTICES ACT**

26. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person n connection with the collection of a debt.

27. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously and when it threatened to sue, place a lien on her property, and affect her social security without the intent or the legal means to do so, and when it engaged in other harassing conduct.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF FAIR DEBT**
**COLLECTION PRACTICES ACT**

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone or engaging a person in a telephone conversation repeatedly or continuously with the

intent to annoy, abuse, or harass any person at the called number.

29.     Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692e OF FAIR DEBT**
**COLLECTION PRACTICES ACT**

30.     Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive, or misleading representations or means in connection with the collection of any debt.

31.     Defendant violated §1692e of the FDCPA when it threatened to sue, get a lien on her property, and affect her social security without the intent or the legal means to do so, and when it engaged in other false or misleading conduct.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(4) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32.     Section 1692e(4) of the FDCPA prohibits debt collectors from making a false representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property of any person unless such action is lawful and the debt collector intends on taking such action.

33.     Defendant violated § 1692e(5) of the FDCPA when it threatened to "put a lien" on Plaintiff's property it lacked intent to do so.

**COUNT V**
**DEFENDANT VIOLATED § 1692e(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

PLAINTIFF'S COMPLAINT

34. Section 1692e(5) of the FDCPA prohibits debt collectors from making a threat to take action that cannot legally be taken, or that is not intended to be taken.

35. Defendant violated § 1692e(5) of the FDCPA when it threatened to sue Plaintiff when it lacked intent to do so.

### COUNT VI
### DEFENDANT VIOLATED § 1692e(10) OF FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation of deceptive means in their attempt to collect a debt.

37. Defendant violated §1692e(10) of the FDCPA get a lien on her property, and affect her social security without the intent or the legal means to do so.

### COUNT VII
### DEFENDANT VIOLATED § 1692f OF FAIR DEBT COLLECTION PRACTICES ACT

38. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

39. Defendant violated § 1692f of the FDCPA when it contacted her at least twice daily, sometime three to five times daily, to collect the alleged debt, when it threatened to sue, get a lien on her property, and affect her social security without the intent or the legal means to do so, and when it engaged in other unfair or unconscionable conduct.

### COUNT VI
### DEFENDANT VIOLATED THE
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

40. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

41. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, KATHRYN SURACI, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KATHRYN SURACI, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                          RESPECTFULLY SUBMITTED,

DATED: 09/11/2012                KIMMEL & SILVERMAN, P.C.

                              By: /s/ Amy L. Bennecoff
                                   Amy Bennecoff
                                   Attorney for Plaintiff
                                   Kimmel & Silverman, P.C.
                                   30 E. Butler Pike
                                   Ambler, PA 19002
                                   Phone: (215) 540-8888
                                   Fax: (877) 788-2864
                                   Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT